United States District Court
Southern District of Texas
**ENTERED**
April 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH WILLIAMS, SPN #03157995, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-1365 |
| A. SCOTT, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Joseph Williams (SPN #03157995), has filed a complaint ("Complaint") (Docket Entry No. 1) under 42 U.S.C. § 1983, concerning the conditions of his confinement in the Harris County Jail. Because Williams is incarcerated, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). After reviewing the pleadings as required, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Williams alleges that on March 16, 2025, the defendants violated his civil rights when he was placed in handcuffs that were too tight.[1]

In a complaint that is dated March 19, 2025, Williams seeks $150,000 from each defendant under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights.[2] The court concludes that the Complaint must be dismissed, however, because it is evident that Williams did not exhaust available administrative remedies before filing suit.

## II. Discussion

Williams's Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of <u>all</u> administrative procedures before an inmate can file any suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1824 (2001); Woodford v. Ngo, 126 S. Ct. 2378, 2382-2383 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-919 (2007) (confirming that "[t]here

---

[1] Complaint, Docket Entry No. 1, p. 4.

[2] Id. at 4-5.

is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

There is an administrative grievance process available at the Harris County Jail. See, e.g., Myers. v. Klevenhagen, 97 F.3d 91, 93 (5th Cir. 1996) (referencing internal grievance procedures). Under this three-step process, all inmates who have a grievance about conditions of confinement must attempt informal resolution, followed by a formal grievance and then an appeal. See Lane v. Harris County Medical Department, Civil No. H-06-0875, 2006 WL 2868944, *3 (S.D. Tex. Oct. 5, 2006), affirmed, 266 F. App'x 315 (5th Cir. 2008). If a formal grievance is not resolved at the initial level following an investigation, it goes to a hearing before the Inmate Grievance Board. See id. Inmates are notified of the Grievance Board's decision in writing within fifteen days. See id. If the inmate disagrees with the findings of the Grievance Board, then the inmate is instructed to appeal that result to the Captain of the Inmate Affairs Division. See id.

The incident that forms the basis of Williams's Complaint reportedly occurred on March 16, 2025.[3] The Complaint is dated March 19, 2025.[4] It is evident from this chronology that Williams did not complete the grievance process as required by the PLRA before filing his Complaint.

---

[3] See id. at 4.

[4] Id. at 5.

Where the face of the complaint makes clear that an inmate has failed to exhaust administrative remedies, a district court may dismiss the complaint without requesting an answer from the defendants. See Dillon v. Rogers, 596 F.3d 260, 272 n.3 (5th Cir. 2010) (noting that sua sponte dismissal is appropriate only where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing Carbe v. Lappin, 492 F.3d 325, 327-28 (5th Cir. 2007)). The brief lapse of time between the incident forming the basis of the Complaint and the signing of the Complaint, coupled with Williams's declaration that he did not exhaust all steps of the jail's grievance procedure,[5] makes it clear on the face of the Complaint that Williams failed to exhaust available administrative remedies before filing suit in federal court. His complaint must be dismissed for failure to comply with 42 U.S.C. § 1997e(a).

---

[5] See id. at 3 (circling "no" to the question of whether the plaintiff has exhausted "all steps of the institutional grievance procedure").

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint filed by Joseph Williams (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

**SIGNED** at Houston, Texas, on this 14th day of April, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE